UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE MARY NILE PORTER,

           Plaintiff,

   v.                                 Case No. 25-CV-561

SKYLES LAW GROUP, et al.,

           Defendants.

## RECOMMENDATION AND ORDER

On April 18, 2025, Jane Mary Nile Porter, proceeding without a lawyer, filed a complaint. (ECF No. 1.) Accompanying her complaint was a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The court granted her motion to proceed without prepayment of the filing fee but recommended that her complaint be dismissed. (ECF No. 4.) The court, however, gave Porter until May 9, 2025, to submit an amended complaint.

On April 30, 2025, the court received a document titled "ADDENDUM Full Names of Defendants." (ECF No. 5.) The more than 100 pages Porter has submitted are, to put it mildly, unclear. Just the opening pages are peppered with odd, disconnected statements such as:

"The defendants harmed me because they believed I was a criminal who was related to me by way of a sperm donor father because they did not realize I had a father other than the one listed on my birth certificate." (ECF No. 1 at 2.)

"I have exposure to the notion that the Delta-9 CBD I was smoking had an oil containing the antidote to minoxidil in it." (ECF No. 1 at 2.)

"Marissa Maldonado, Milwaukee Police Dept, Milwaukee County Sheriff's department- antidote to minoxidil and finasteride nearly every time I ordered food delivery between January 2019 to the Present." (ECF No. 1 at 5.)

"Manipulation of my estradiol validate (I am a transgender woman and my estrogen was contaminated with the antidote to minoxidil and finasteride frequently." (ECF No. 1 at 5.)

"I was gaslighted for years to make me guess what I might have been accused of while not guilty. James Skyles, Ryan Majcen, John Connors, Marissa Maldonado-Perez, Subject matter used to make me fearful:
Incidents where someone was wearing a wide brim hat + Dancing left to right
Someone smiled around a corner at someone else
Someone has a receding hairline
Someone paid someone in the crime to dance for them
Fatigues and stolen valor
Closed eyes
Wide eyes
Smiles bearing teeth
Broken Trunks and dragging exhaust pipes
I have visited websites with custom profiles that I manage where someone's face was photoshopped onto the website bearing a resemblance to my own to make me guess what I might have been accused of." (ECF No. 1 at 5-6.)

She refers to people called "brujas" who sit on a "fusion jury" (ECF No. 1-1 at 11) and people having collected her cerebrospinal fluid without her permission or knowledge (ECF No. 5 at 1). A psychologist's note included in the filings states that Porter had

recently spent three days in an inpatient facility and is working "from a severe episode of intrusive auditory hallucinations." (ECF No. 1-1 at 19.)

The most concrete thread that the court can discern from the filings is that Porter was associated with an entity called the Firefighters and EMS Fund. (*See, e.g.*, ECF No. 1-1 at 31.) The Firefighters and EMS Fund was subject to a report in the New York Times that it and similar groups used robocall telemarketing to obtain millions of dollars, very little of which went to charitable purposes. *See* David A. Fahrenthold and Tiff Fehr, *How to Raise $89 Million in Small Donations, and Make It Disappear*, New York Times, May 14, 2023, available at https://www.nytimes.com/interactive/2023/05/14/us/politics/scam-robocalls-donations-policing-veterans.html. The article led to an investigation by the FBI in which Porter cooperated with investigators. (ECF No. 1-1 at 31.) The Firefighters and EMS Fund, in turn, accused Porter of breaching a confidentiality agreement, misappropriating $12,500, and submitting fraudulent invoices for tens of thousands of dollars to the law firm representing the organization. (ECF No. 1-1 at 30-32.) That law firm, Skyles Law Group, is named as a defendant as well as persons associated with Firefighters and EMS Fund, such as John Connors (Carl Winslow, who Porter alleges is "a multiple personality of John Connors" (ECF No. 5 at 2) is also named as defendant). But Porter also names as defendants many people and entities whose actions are unclear, unsubstantiated, or fantastical.

When reviewing a complaint to determine whether it is sufficient to proceed under 28 U.S.C. § 1915(e)(2), the court must accept as true all well pleaded factual allegations.

Porter's filings are disjointed and incoherent such that she has failed to state a plausible claim for relief. Trying to piece together a cognizable claim from Porter's filings would require far more than the sort of liberal construction the court affords the filings of pro se litigants. Rather, it would require the court to write a complaint for Porter based on little more than bald speculation as to what she might be trying to say and how it relates to potential legal claims. Even then it probably would not be possible to tie together enough of the loose threads she presents in a manner to support any plausible claim.

The court has already afforded Porter an opportunity to amend her complaint. Rather than amending, she supplemented her complaint in a manner that only compounded the confusion. Allowing further amendment at this point would be futile. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Holland v. City of Gary*, 503 F. App'x 476, 477-78 (7th Cir. 2013).

Beyond failing to state a claim, read as a whole Porter's allegations are not merely unlikely but reflect "fantastic or delusional scenarios" that courts are compelled to dismiss. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court further finds that Porter's complaint lacks any arguable basis in law or fact and therefore must also be dismissed as frivolous. *See Neitzke*, 490 U.S. at 325.

**IT IS THEREFORE RECOMMENDED** that Porter's complaint and this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 12th day of May, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge