UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE MARY NILE PORTER,

        Plaintiff,

  v.                                    Case No. 25-cv-0561-bhl

SKYLES LAW GROUP, et al,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

        On April 18, 2025, Plaintiff Jane Mary Nile Porter, proceeding without an attorney, filed a complaint against Skyles Law Group and roughly 30 additional individuals and public and private entities, including the United States Departments of Justice and Homeland Security, the Transportation Security Administration (TSA), the Milwaukee Police and Fire Departments, and more. (ECF No. 1.) Porter attached more than 100 pages of exhibits to her complaint, which include additional allegations, emails, results from genealogical DNA testing, letters from her psychologist, handwritten drawings, and other documents. (ECF No. 1-1.) Porter also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.)

        On April 25, 2025, Magistrate Judge William E. Duffin screened the complaint. (ECF No. 4.) Judge Duffin granted Porter's IFP motion but concluded that her complaint, including its 100-plus-page attachment, violated Federal Rules of Civil Procedure 8(a), 18, and 20 by asserting unrelated claims against dozens of defendants and failing to provide fair notice of those claims. (*Id.* at 1, 7–9.) Judge Duffin recommended that Porter's complaint be dismissed without prejudice, but he also gave her the option to file an amended complaint within 14 days. (*Id.* at 10.) On April 30, 2025, Porter filed a document entitled "ADDENDUM Full Names of Defendants," (ECF No. 5), but she did not file an amended complaint within the time permitted.

On May 12, 2025, Magistrate Judge Duffin issued a Report and Recommendation recommending that Porter's complaint and this case be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i–ii). (ECF No. 6.) Judge Duffin noted that Porter's filings were too "disjointed and incoherent" to state any plausible claim for relief. (*Id.* at 4.) He further found that her allegations reflected "fantastic or delusional scenarios" that courts are compelled to dismiss as frivolous. (*Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).)

Pursuant to General Local Rule 72(c), 28 U.S.C. §636(b)(1)(B) and (C), and Federal Rules of Civil Procedure 6(d) and 72(b)(2), Porter had until May 29, 2025 to file and serve written objections to the Magistrate Judge's Report and Recommendation. Once objections are made, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made.*" 28 U.S.C. §636(b)(1) (emphasis added). On May 22, 2025, Porter filed a response requesting to amend her complaint (but not providing a proposed amended complaint) and providing a smattering of additional factual allegations. (ECF No. 7.) She did not object to any portion of the Report and Recommendation.

After consideration of Magistrate Judge Duffin's Report and Recommendation, and the record as a whole, the Court adopts the recommendation. The record supports Judge Duffin's conclusion that Porter's allegations are frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Duffin's Report and Recommendation, ECF No. 6, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Porter's complaint and this lawsuit are **DISMISSED** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge